UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TROY L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02856-JRS-TAB |
| | ) | |
| WEXFORD OF INDIANA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motions for Summary Judgment and Directing Plaintiff
to Show Cause Why Summary Judgment Should not Issue for Defendant Moore**

Plaintiff Troy Smith, who is incarcerated at New Castle Correctional Facility, proceeds in this 42 U.S.C. § 1983 action based on allegations that Defendants were deliberately indifferent to his bladder and bowel conditions. Several Defendants have moved for summary judgment. For the reasons below, both motions for summary judgment, dkt. [61] and dkt. [65], are **GRANTED**. Additionally, Mr. Smith is **ORDERED** to show cause why summary judgment should not be issued in favor of Defendant Sergeant Moore.

## I.      Preliminary Matters

Wexford has moved to strike Mr. Smith's untimely response to their summary judgment motion. Mr. Smith responded with a motion to strike Wexford's motion to strike. Both motions, dkt. [87] and dkt. [92], are **DENIED**. Mr. Smith delayed in responding to the motion for summary judgment because of an ongoing discovery dispute with Wexford. *See* dkt. 89 (denying Mr. Smith's motion to compel). The Court will consider Mr. Smith's response to Wexford's motion for summary judgment.

1

## II.     Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 572−73 (7th Cir. 2017).

### III.     Factual Background

#### A.     The Parties

Due to a gunshot wound suffered in 2015, Mr. Smith must use a catheter to urinate. Dkt. 86 at 6, ¶ 3. He has been in custody since the day of the gunshot wound. *Id.* at 5−6, ¶ 2. Mr. Smith was in custody at New Castle Correctional Facility in 2019 but was transferred to Pendleton Correctional Facility due to his medical needs. *Id.* at 6−7, ¶¶ 4−5. Mr. Smith was transferred back to New Castle on February 10, 2021. *Id.* at 7, ¶; 6.

Wexford of Indiana, LLC, is a private company that contracted to provide medical services to Indiana Department of Correction inmates. Dkt. 63-2 at 1, ¶¶ 2−3. Wexford's contract ended on June 30, 2021. *Id.*, ¶ 3.

Defendants Officer White, Officer Brown, Sergeant Moore, and Jennifer French were all employees of GEO Group, Inc., which runs New Castle Correctional Facility. Dkt. 1 at 5−8.

#### B.     Mr. Smith's Medical Care

When Mr. Smith returned to New Castle on February 10, 2021, the facility did not have catheters or sanitation supplies ready for him. Dkt. 86 at 7. He complained to medical staff right away, but he did not receive any supplies until two days later. *Id.* Without a catheter, Mr. Smith soiled himself. *Id.*

Mr. Smith was due for a refill of catheter supplies on March 19, 2021, but they were not provided. *Id.* at 8. Mr. Smith submitted healthcare requests and a grievance but did not receive new supplies until March 26, 2021. *Id.* During the one-week delay, Mr. Smith reused old catheters. *Id.* As a result of the grievance, Mr. Smith began receiving 50 catheters in future orders. *Id.* However, he did not receive sterilization products. *Id.*

3

On April 27, 2021, Mr. Smith submitted a healthcare request seeking a medical "instruction sheet" for additional showers, linens, and additional cleaning supplies and sterilization products. *Id.* at 18. A medical staff member responded, explaining that Mr. Smith did not require additional showers. *Id.* The staff member explained that Mr. Smith could catheter on the toilet to avoid leaking and that he had previously been offered pull ups for nighttime use. *Id.* The staff member also directed Mr. Smith to use his in-cell sink to clean himself as needed. *Id.*

On June 10, 2021, Mr. Smith wrote to Ms. French about law library access. *Id.* at 37. He also notified Ms. French in general terms about his medical concerns but did not ask for any specific relief:

> PS.
> Also Ms. French I'm awaiting copies where I'll be sending out collective notice about medical problems I'm dealing with in house. I'm dealing with a UTI, denied access to shower, and I'm soiling clothes and linen, washing my own, not [given] cleaning materials, and issued no bags to store my used urine supplies in. I don't [know] what it'll take to get your attention in the house and we talk but I respectfully ask your time and attention please.

*Id.* Ms. French's response did not address Mr. Smith's medical concerns, but indicated that she had sent a copy of the note to medical staff. *Id.* Mr. Smith was seen by a nurse on June 18, 2021. Dkt. 63-1.

On June 24, 2021, Mr. Smith was diagnosed with hemorrhagic cystitis, which the medical provider described as a urinary tract infection. Dkt. 86 at 9, 26. He was prescribed an antibiotic and issued a shower pass for 30 days. *Id.*

On July 8, 2021, Mr. Smith requested to speak with a mental health professional. *Id.* at 41. Sergeant Moore and Officer Brown escorted him to an examination room where he was evaluated by medical staff. *Id.* at 43. A medical provider directed that Mr. Smith be placed on suicide watch,

dkt. 67-1 at 7, so Sergeant Moore and Officer Brown escorted him to a suicide watch cell, dkt. 86 at 43. Mr. Smith reports that he was without catheter supplies for 24 hours. Dkt. 86 at 11.

From July 10 through July 12, 2021, Sergeant Moore and Officer Brown did not allow Mr. Smith to take a shower, despite the order from medical staff. *Id.* On July 16, Officer Brown again did not permit Mr. Smith to shower. *Id.*

At some point, for an unspecified duration, Mr. Smith was placed in a cell with a clogged toilet. *Id.* Mr. Smith does not identify the Officer who moved him to this cell. *Id.*

On or about July 23, 2021, Officer White put Mr. Smith in a cell that was "filthy" and infested with bed bugs.[1] *Id.* Mr. Smith does not specify how long he remained in this cell.

On August 12, 2021, Mr. Smith was again diagnosed with a urinary tract infection. *Id.*

On October 6, 2021, Mr. Smith's classification order was changed to "Showers as permitted by custody." *Id.* at 31. Mr. Smith asserts he was notified that Ms. French made this change. *Id.* at 12. He does not specify who notified him or when they did so.

## IV.    Discussion

### A.    Eighth Amendment Standards

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas*, 2 F.4th at 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which

---

[1] As Mr. Smith acknowledges, the alleged bed bug infestation is not at issue in this case. Dkt. 85 at 20.

(2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

### B.    Wexford

Wexford cannot be held liable for its employees' actions under the common law theory of respondeat superior. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). To prevail on a 42 U.S.C. § 1983 claim against a private entity acting under color of state law—as Wexford was here—"a plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal policy, practice, or widespread custom; (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations; and (3) causation, meaning the municipal action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020). Unless the unconstitutional results of the private entity's actions were "patently obvious," the plaintiff "must prove a prior pattern of similar constitutional violations resulting from the policy." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 236 (7th Cir. 2021).

Mr. Smith has put forth evidence from which a jury could find that he experienced a one-week delay in catheter supplies, which caused significant discomfort and created a substantial risk of injury, including infection. Dkt. 86 at 8. But he has failed to put forth evidence that Wexford, through some practice or policy, caused this injury—or any other alleged injury—through deliberate indifference.

Mr. Smith contends that Wexford maintained a policy or practice of understaffing of nurses in "the Annex," which is a building at New Castle where he was housed. Dkt. 85 at 13−14. He further contends that the nurses who were employed at New Castle were improperly trained.

*Id.* But the only evidence he cites is a former Wexford nurse's testimony from another case about staffing issues at New Castle. *See* dkt. 85 at 13−15 (citing and quoting *Benjamin v. Wexford of Indiana LLC*, 1:21-cv-00989-TWP-MG, 2023 WL 2538656 (S.D. Ind. Mar. 16, 2023)). Notably, the nurse's testimony in *Benjamin* did not include any issues with distribution of catheter supplies or medical supplies generally. *Id.* at *2−3. And unlike the plaintiff in *Benjamin*, Mr. Smith has not presented evidence that any nursing shortage or training deficiencies caused his alleged injuries.

Accordingly, Wexford is entitled to summary judgment.

### C.    Defendants French, White, and Brown

Defendants French, White, and Brown are all entitled to summary judgment for the reasons explained below.

<u>Officer Brown</u>

Viewing the designated evidence in the light most favorable to Mr. Smith, a reasonable jury could find that Officer Brown denied Mr. Smith a shower on July 10, 11, 12, and 16, 2021. Dkt. 86 at 11. A reasonable jury could not, however, find that these actions constituted deliberate indifference to a serious medical need. While Mr. Smith may have preferred a shower, there is no dispute that he had access to running water from the sink in his cell. *Id.* at 18. Mr. Smith has not shown that being forced to use the sink instead of a shower for four days created an excessive risk to his health or safety—nor that Officer Brown *knew* it created an excessive risk.

A reasonable jury could also find that Officer Brown escorted Mr. Smith to suicide watch on July 8, 2021. *Id.* at 11, 41, 43. But the order to place Mr. Smith on suicide watch came from a medical provider. Dkt. 67-1 at 7. Mr. Smith has not presented evidence from which a jury could find that Officer Brown's role in carrying out the transfer to suicide watch constitutes deliberate indifference. *See Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) ("We have long recognized

that the division of labor within a prison necessitates that non-medical officials may reasonably defer to the judgment of medical professionals regarding inmate treatment."). Officer Brown is therefore entitled to summary judgment.

Officer White

Viewing the designated evidence in the light most favorable to Mr. Smith, a reasonable jury could find that Officer White placed Mr. Smith in a cell that Mr. Smith describes as "filthy" for an unspecified length of time. Dkt. 86 at 11. A reasonable jury could not find that this action constituted deliberate indifference to a serious medical need. Mr. Smith does not point to any evidence regarding the details of the cell conditions, nor how these conditions created a risk of harm. Officer White is therefore entitled to summary judgment.

Ms. French

Viewing the designated evidence in the light most favorable to Mr. Smith, a reasonable jury could find that he notified Ms. French on June 10, 2021, about his medical concerns. Dkt. 86 at 37. Ms. French forwarded the complaint to medical staff, and Mr. Smith was treated by medical staff two days later, on June 12, 2021. *Id.*; dkt. 63-1. Without evidence that Ms. French knew Mr. Smith would not be adequately treated, a reasonable jury could not find that she was deliberately indifferent for passing on a complaint about Mr. Smith's medical treatment to medical staff. *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) ("A prison official . . . generally does not act with deliberate indifference 'if she reasonably relied on the judgment of medical personnel.'" (quoting *Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018)). Ms. French is therefore entitled to summary judgment.

###### D.      Sergeant Moore

Sergeant Moore, who is proceeding *pro se* and has not entered an appearance after prior counsel withdrew, has not moved for summary judgment. Even so, based on the record before the Court, it appears Sergeant Moore is entitled to summary judgment. The evidence against Sergeant Moore is the same as that against Officer Brown. *See* dkt. 86 at 11 (Mr. Smith asserting that Sergeant Moore denied him a shower on July 10 through 12, 2021, and escorted him to suicide watch on July 8, 2021). Thus, he is entitled to summary judgment for the same reasons.

"After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). Mr. Smith is **ORDERED** to show cause by **April 7, 2024**, why summary judgment should not be entered in favor of Sergeant Moore.

### V.      Pending Motions

After Defendants filed their motions for summary judgment, Mr. Smith filed a motion to stay proceedings and a renewed motion for assistance with recruiting counsel.

The motion to stay proceedings, dkt. [74], is **DENIED**. Mr. Smith sought to stay proceedings based on discovery disputes, but the Court has resolved Mr. Smith's only motion to compel, and Mr. Smith filed a response to Defendants' motions for summary judgment. Dkt. 89 (denying motion to compel); dkt. 85 (response to motions for summary judgment). Mr. Smith also sought to stay proceedings based on his objection to counsel withdrawing representation of Sergeant Moore, but the Court granted counsel's motion to withdraw well before the motions for summary judgment were filed. Dkt. 57.

Mr. Smith's renewed motion for assistance with recruiting counsel, dkt. [72], is also **DENIED**. "'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt

to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). The Court finds that Mr. Smith has made reasonable efforts to recruit counsel on his own. *See* dkt. 72 at 2 (Mr. Smith listing six attorneys he contacted). However, Mr. Smith has demonstrated that he was able to litigate this case through summary judgment. He participated in discovery, filed a logical summary judgment response in substantial compliance with Local Rule 56-1, and provided evidence in support of his summary judgment response. *See* dkts. 84, 85, and 86. Mr. Smith's alleged limitations (depression, PTSD, anxiety, and lack of legal education) did not prevent him from properly litigating. *See* dkt. 72 at 3. In addition, enlisting a pro bono attorney after defendants' motions for summary judgment were filed would have been inappropriate because it had become clear that Mr. Smith had little chance of success on his constitutional claims. *See Watts v. Kidman*, 42 F.4th 755, 767 (7th Cir. 2022); *Lockridge v. Larson, et al.,* No. 23-2423, 2024 WL 774370, at *3 (7th Cir. Feb. 26, 2024) (finding consideration of the merits was appropriate in denying request for assistance recruiting counsel).

## VI.    Conclusion

Wexford's motion to strike Mr. Smith's summary judgment response, dkt. [87], and Mr. Smith's motion to strike Wexford's motion to strike, dkt. [92], are both **DENIED**.

Mr. Smith's motion to stay, dkt. [74], and renewed motion for assistance with recruiting counsel, dkt. [72], are both **DENIED**.

Defendants' motions for summary judgment, dkt. [61] and dkt. [65], are **GRANTED**.

Mr. Smith is **ORDERED** to show cause by **April 7, 2024**, why summary judgment should not be entered in favor of Sergeant Moore.

     **IT IS SO ORDERED.**

Date: 03/12/2024

                      JAMES R. SWEENEY II, JUDGE
                      United States District Court
                      Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TROY L. SMITH
272086
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362